UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DERRICK JOSEPH MILES, | ) C/A No. 4:12-00523-MGL-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| SHERIFF WAYNE DEWITT, CAPT. McELVOGUE, OFFICER SAWYER, OFFICE MENCIE, | ) |
| Defendants. | ) |

The Plaintiff filed this action under 42 U.S.C. § 1983[1] on February 27, 2012. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendants McElvogue and Mencie filed a motion to dismiss for failure to state a claim on June 29, 2012.[2] Because Plaintiff is proceeding pro se, he was advised on or about July 3, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the procedure for a motion to dismiss and the possible consequences if he failed to respond adequately. The Roseboro Order was returned to the Clerk of Court's office *via* United States Postal Service on July 23, 2012, marked "Return to Sender-Unable to Forward." (Doc. #25). Plaintiff has not responded to the motion or provided the court with an updated address.[3]

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2] Defendant Dewitt filed a motion to dismiss for failure to state a claim on August 10, 2012. (Doc. #31). The return as to Defendant Sawyer was returned unexecuted on August 1, 2012, stating "unable to locate." (Doc. # 28).

[3] An Order was issued on May 14, 2012, directing the Plaintiff to "always keep the Clerk of Court advised in writing" if his address changed for any reason or his case may be dismissed. (Doc. #11).

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert</u>. <u>denied</u> 493 U.S. 1084 (1990) and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion to dismiss or the court's order requiring him to respond. The mail has been returned as undeliverable. (Docs. #25). The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears there are no less drastic sanctions available. Accordingly, it is recommended that this action be dismissed as to all Defendants pursuant to Fed. R. Civ. Proc. 41(b).

## **CONCLUSION**

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice as to all Defendants.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Florence, South Carolina
August 27, 2012

**The parties' attention is directed to the important information on the attached notice.**